UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ROAD DOG INDUSTRIAL, LLC                                                    Plaintiff

v.                                                         Civil Action No. 3:22-cv-365-RGJ

SPARK POWER, LLC                                                          Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Spark Power, LLC ("Spark Power") moves to dismiss Plaintiff Road Dog Industrial, LLC's ("Road Dog") complaint because its claims are barred by *res judicata*. [DE 9]. Road Dog responded, and Spark Power replied. [DE 13, 15]. This matter is ripe. For the reasons below, Spark Power's motion, [DE 9], is **DENIED**.

**BACKGROUND**

In May 2021, Spark Power, a Michigan company, subcontracted with a third party do the electrical work for the construction of two Michaels' arts and crafts stores, one in New Jersey and another in California. [DE 9 at 1–2; DE 13 at 1]. It hired Road Dog, a Kentucky staffing company, to supply the labor and staffing necessary to complete the projects. [DE 13 at 1]. Road Dog alleges that, under its contract with Spark Power and the third party, it provided Spark Power with over $2.4 million worth of labor. [DE 13 at 2]. Yet Spark Power only paid Road Dog a little less than $1 million, over $1.4 million short of what Road Dog was owed. [*Id.*].

That November, Road Dog sued Spark Power in California state court to recover the $1.4 million it was owed ("the first lawsuit"). [*Id.*]. Spark Power promptly removed the case to the United States District Court for the Eastern District of California based on diversity of citizenship. [*Id.*]. After removal, Spark Power moved to dismiss Road Dog's complaint. [DE 9 at 3].

Specifically, it contended that Road Dog lacked capacity to sue in California because it was not up to date with its California taxes, resulting in its "forfeited" status with the Franchise Tax Board. [DE 9-4 at 10–11]. Under California law, forfeited companies cannot "maintain an action or proceeding" in California courts. CAL. CORP. CODE § 17708.07 (West 2016); CAL. REV. & TAX CODE § 23301 (West 2001). Road Dog did not file any opposition briefing. [DE 9-5 at 2].

On May 10, 2022, a deputy court clerk for the Eastern District of California issued a minute order dismissing Road Dog's first lawsuit. [*Id.*]. The order—totaling about ten lines—stated that Road Dog failed to file a brief opposing Spark Power's motion to dismiss. [*Id.*]. Under that court's local rules, "a failure to file a timely opposition" can be construed "as a non-opposition to the motion." E.D. Cal. L.R. 230(c). The court granted Spark Power's motion to dismiss solely on grounds that Road Dog did not file opposition. [DE 9-5 at 2]. Its minute order did not mention Spark Power's argument that Road Dog lacked capacity to sue in California, nor did it in any way discuss the merits of Road Dog's claims. [*See id.*].

Road Dog then filed suit in this Court, asserting largely the same claims as in the first suit. [DE 9 at 3]. Spark Power subsequently moved to dismiss this case, arguing that the Eastern District of California's dismissal of the first lawsuit was a final decision on the merits and that this case is barred by *res judicata*. [*Id.* at 1].

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" FED. R. CIV. P. 12(b)(6). To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all

reasonable inferences in favor of the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

## DISCUSSION

The doctrine of *res judicata*, or "claim preclusion," prohibits a plaintiff from relitigating a claim asserted or which could have been asserted in earlier litigation against the same defendants. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *United States v. McMichael*, 525 F. App'x 388, 392 (6th Cir. 2013). "[F]ederal courts sitting in diversity should apply the law [of claim preclusion] that would be applied by state courts in the State (*sic*) in which the federal diversity court sits so long as the state rule is not incompatible with federal interests." *Prod. Sols. Int. v. Aldez Containers, LLC*, 46 F.4th 454, 457–58 (6th Cir. 2022) (quoting *Semtek Int'l v.*

3

*Lockheed Martin Corp.*, 531 U.S. 497, 508–509 (2001)) (internal quotation marks omitted). So, if a diversity case is dismissed in California and refiled in Kentucky, California's law of claim preclusion determines whether the Kentucky action is barred. *See Semtek*, 531 U.S. at 508–09.

In California, "[c]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings v. Faerber*, 352 P.3d 378, 386 (Cal. 2015). When considering if a prior judgment was an adjudication on the merits, California courts consider "the entire judgment, together with the pleadings and the findings." *Olwell v. Hopkins*, 168 P.2d 972, 974 (Cal. 1946) (citing *Moch v. Superior Court*, 179 P. 440 (Cal. 1919)). In *Olwell*, the Supreme Court of California held that a dismissal on grounds that the plaintiff company's contract with a farmer was void because the company was "not qualified to do business in California" was a judgment on the merits subject to *res judicata*. *Id.* at 973, 975–76. The farmer "did not merely contend that plaintiffs had no capacity to sue," but showed that the company could not enter a contract under California law, a defense that got to the merits of the company's contract claim. *Id.* at 974.

Here, the Court cannot conclude that Road Dog's first lawsuit resulted in a final judgment on the merits. The U.S. District Court for the Eastern District of California dismissed the first lawsuit pursuant to its local rules because Road Dog failed to oppose Spark Power's motion to dismiss. [DE 9-5 at 2]; *see* E.D. Cal. L.R. 230(c). The ten-line order did not make any findings or discuss the merits of Road Dog's claim in any way. [*See* DE 9-5 at 2]. It did not even mention Spark Power's legal defense that Road Dog lacked capacity to sue. [*See id.*]. The order is signed by a deputy court clerk; the district judge may not have even looked at the case. [*See id.*]. Spark Power cited no authority saying that dismissals under Local Rule 230(c) are decisions on the merits that bar the claim from being filed again, and the Court could not find any through its own research.

Absent such authority, the Court cannot say that an order from another court that does not touch on the claims' merits carries *res judicata* effects.

And if the Eastern District of California dismissed the first lawsuit because Road Dog lacked capacity to sue there, it does not appear that California courts consider that a decision on the merits that bars future litigation. The state's cases treat a party's capacity to sue as distinct from a case's merits. For instance, in *Kropp v. Sterling Sav. and Loan*, the court noted that, during a hearing, "appellant's counsel waived the issue of [a bank's] capacity and requested the court to rule on the motion for summary judgment *on the merits*." *Kropp v. Sterling Sav. & Loan Assn.*, 9 Cal. App. 3d 1033, 1039 (1970) (emphasis added). Similarly, in *Barry v. Allen*, the court described a legal malpractice action's dismissal because the plaintiff corporation lacked capacity to sue as a "termination . . . unrelated to the merits." *Barry v. Allen*, B231913, 2012 WL 1869608, at *4 (Cal. App. May 23, 2012).

*Semtek* also suggests that Road Dog's lack of capacity to sue in California is not the type of defect that bars the claim from being litigated elsewhere. *Semtek* involved a corporation barred from suing in California because the statute of limitations on contract claims there had expired. *Semtek*, 531 U.S. at 499. It then refiled its suit in Maryland, whose longer statute of limitations that had yet to run. *Id.* The Supreme Court noted that "the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect (*sic*) in other jurisdictions . . . ." *Id.* at 504. By that same token, Road Dog's lack of capacity to sue in California has no impact of its substantive right to compensation for Spark Power's alleged breach of contract, so it should be allowed to sue Spark Power in jurisdictions where it does have capacity.

Spark Power argues that *Olwell* supports its motion to dismiss. It contends that "*Olwell* held that a court's dismissal . . . on the grounds that a corporate entity was not qualified to do business in the State of California was an adjudication on the merits." [DE 15 at 5]. This Court disagrees. In *Olwell*, the court in the first case dismissed the suit because it found that the contract at issue was void, a holding directly on the merits of the plaintiff company's contract claim. *Olwell*, 168 P.2d at 974. The contract was void *because* the company that entered into it was not qualified to do business in California, but lack of business qualification was not the sole ground for the dismissal. *Id.* Had the first case been dismissed purely due to the company's lack of capacity to sue, the second case likely would not have been barred. *See id.* (stating that the defendant "did not merely contend that plaintiffs had no capacity to sue").

## CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Spark Power's Motion to Dismiss [DE 9] is **DENIED**.

*[Signature]*
Rebecca Grady Jennings, District Judge
United States District Court

February 7, 2023